**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICIA KUBIAK, | : | Civil Action No. |
| | : | 2:15-cv-00716-CB |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| VERDE ENERGY USA, INC., | : | ELECTRONICALLY FILED |
| | : | |
| Defendant | : | |

<u>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**</u>

Verde Energy USA, Inc. ("Verde") submits the following Amended Answer and Affirmative Defenses in response to the Complaint filed by the Plaintiff ("Kubiak"):

1.      In response to paragraph 1 of Kubiak's Complaint, Verde admits that Kubiak purports to base her Complaint on the Telephone Consumer Protection Act ("TCPA").  Verde denies that Kubiak's Complaint has any merit.

2.      Paragraph 2 of Kubiak's Complaint is a conclusion of law to which no response is required.

3.      In response to paragraph 3 of Kubiak's Complaint, Verde admits that it does business in Pennsylvania.

4.      Paragraph 4 of Kubiak's Complaint is a conclusion of law to which no response is required.

5.      After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of Kubiak's Complaint. By way of further response, Verde incorporates by reference paragraphs 27-28 of its Affirmative Defenses.

6.      The averments of paragraph 6 of Kubiak's Complaint constitute a conclusion of law to which no response is required.  To the extent that a response is deemed to be required, Verde incorporates by reference paragraphs 27-28 of its Affirmative Defenses.

7.      Verde admits the averments of paragraph 7 of Kubiak's Complaint.

8.      The averments of paragraph 8 of Kubiak's Complaint constitute a conclusion of law to which no response is required.  To the extent that a response is deemed to be required, Verde incorporates by reference paragraphs 27-28 of its Affirmative Defenses.

9.      Verde denies the averments of paragraph 9 of Kubiak's Complaint.

10.      After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of Kubiak's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference paragraphs 27-28 of its Affirmative Defenses.

11.      After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of Kubiak's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference paragraphs 27-28 of its Affirmative Defenses.

12.     After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of Kubiak's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference paragraphs 27-28 of its Affirmative Defenses.

13.     Verde denies the averments of paragraph 13 of Kubiak's Complaint.

14.     Verde admits the averments of paragraph 14 of Kubiak's Complaint in part and denies those averments in part. Verde admits that, after receiving prior express consent from Kubiak to do so, Verde had calls placed in July, August, and September 2014 to the phone number Kubiak provided. Verde denies having had calls placed in October, November, or December 2014 to the phone number Kubiak provided. Verde incorporates by reference paragraphs 10, 11, 15, and 18 of this Amended Answer. Verde denies any remaining averments of paragraph 14.

15.     Verde denies the averments of paragraph 15 of Kubiak's Complaint. Verde incorporates by reference paragraphs 10, 11, 14, and 18 of this Amended Answer. For calls placed on Verde's behalf, a recorded message is only used when a call is answered, but a live representative is not immediately available to speak to the call's recipient. In those instances, in accordance with the TCPA, a pre-recorded message is delivered, identifying the nature of the call and whom it is on behalf of, and providing the recipient of the call with the option to opt out of receiving any further calls on behalf of Verde. Verde denies that any such "automatic and/or pre-recorded messages" were utilized in connection with Kubiak. The averment of use of an "automatic telephone dialing system" is a conclusion of law under the TCPA. To the extent that a response to that averment is required, Verde denies that averment and demands strict proof thereof at the time of trial.

16.     Verde denies the averments of paragraph 16 of Kubiak's Complaint and incorporates by reference paragraph 15 of this Amended Answer.  Verde denies that any "automatic and/or pre-recorded messages" were utilized in connection with Kubiak.

17.     Verde admits the averments of paragraph 17 of Kubiak's Complaint.

18.     Verde admits the averments of paragraph 18 of Kubiak's Complaint in part and denies those averments in part.  Verde admits that, only after receiving Kubiak's prior express consent, calls were made on behalf of Verde to Kubiak on July 31, 2014 (1 call), August 1, 2014 (1 call), August 5, 2014 (2 calls), September 1, 2014 (3 calls), and September 2, 2014 (3 calls). Verde denies any remaining averments of paragraph 18.

19.     In response to paragraph 19 of Kubiak's Complaint, Verde incorporates by reference paragraphs 1-18 of this Amended Answer.

20.     Verde denies the averments of paragraph 20 of Kubiak's Complaint.  Verde incorporates by reference paragraphs 15 and 16 of this Amended Answer.

21.     The averments of paragraph 21 of Kubiak's Complaint constitute a conclusion of law under the TCPA.  To the extent that a response is required, Verde denies the averments of paragraph 21 and incorporates by reference paragraph 15 of this Amended Answer.

22.     Verde admits the averments of paragraph 22 of Kubiak's Complaint.

23.     Verde denies the averments of paragraph 23 of Kubiak's Complaint.  Verde incorporates by reference paragraphs 13 and 18 of this Amended Answer and paragraphs 27-28 of its Affirmative Defenses.

24.     Verde denies the averments of paragraph 24 of Kubiak's Complaint.  Verde incorporates by reference its Affirmative Defenses.

25.     Verde denies the averments of paragraph 25 of Kubiak's Complaint.   Verde incorporates by reference its Affirmative Defenses.

26.     Verde denies the averments of paragraph 26 of Kubiak's Complaint and demands strict proof thereof at the time of trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

27.     Kubiak granted prior express consent to receiving any telephone calls by or on behalf of Verde.

28.     Any call(s) made by or on behalf of Verde were authorized by Kubiak's grant of prior express consent to such call(s).

### SECOND DEFENSE

29.     Verde's conduct has been in compliance with 47 C.F.R. § 64.1200.

### THIRD DEFENSE

30.     Verde is entitled to the protection of 47 C.F.R. §§ 64.1200(d), 64.1200(e).

### FOURTH DEFENSE

31.     Kubiak lacks standing to bring one or more of her claims.

### FIFTH DEFENSE

32.     Kubiak's claims are barred in whole or in part to the extent based on calls that she did not answer and/or of which she was not aware prior to this action.

### SIXTH DEFENSE

33.     As a result of her prior express consent, Kubiak is estopped from bringing the instant action.

## SEVENTH DEFENSE

34.     Kubiak is barred from relief in this action under the doctrine of waiver.

## EIGHTH DEFENSE

35.     The TCPA and the regulations relating thereto are an unconstitutional restriction on commercial free speech and are in violation of Verde's Constitutional rights.

## NINTH DEFENSE

36.     Kubiak's claims are barred to the extent that they are not actionable under state law.

## TENTH DEFENSE

37.     Kubiak's claims are barred, in whole or in part, because Verde has acted reasonably, with due care, and in good faith with respect to its marketing activities.

## ELEVENTH DEFENSE

38.     Kubiak's claims are barred, in whole or in part, to the extent that the damages sought are impermissibly disproportionate to Verde's actions and/or Kubiak's alleged harm, in contravention of Verde's due process rights.

## TWELFTH DEFENSE

39.     Kubiak improperly seeks to enforce invalid administrative regulations.

## THIRTEENTH DEFENSE

40.     Verde denies that Kubiak has suffered any damages for which Verde is responsible. To the extent that it is determined that Kubiak has suffered damages, Kubiak failed to mitigate those damages.

WHEREFORE, Defendant VERDE ENERGY USA, INC. requests that judgment be entered in its favor and against Plaintiff, all at Plaintiff's cost.

Respectfully submitted,

/s/ Kevin P. Allen
Kevin P. Allen
PA ID No. 76426
kpallen@eckertseamans.com

Peter J. Horne
PA ID No. 318386
phorne@eckertseamans.com

Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone:  (412) 566-6000
Fax:  (412) 566-6099

*Attorneys for Defendant,*
*Verde Energy USA, Inc.*

Dated:  October 8, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2015, a true and correct copy of the foregoing Amended Answer and Affirmative Defenses was served upon counsel by way of the Court's Electronic Filing System as follows:

Craig Kimmel, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA  19002
kimmel@creditlaw.com

*/s/ Kevin P. Allen*
Kevin P. Allen
